## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JESSE R. MCCUIN**                                                                           **PLAINTIFF**

**v.**                                                          **CAUSE NO. 1:24-cv-00322-LG-RPM**

**UNITED STATES SECRETARY OF TREASURY**                              **DEFENDANT**

### ORDER OF DISMISSAL

This matter is before the Court sua sponte.  When he filed his Complaint, pro se Plaintiff Jesse R. McCuin was an inmate housed at the Stone County Correctional Facility in Wiggins, Mississippi.  His claims purportedly arise under 42 U.S.C. § 1983, and he is proceeding in forma pauperis.  Plaintiff names the United States Secretary of Treasury as Defendant.  For the following reasons, the Court finds that Plaintiff's claims should be dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and that he should be assessed a "strike" under 28 U.S.C. § 1915(g).

### I. BACKGROUND

Plaintiff alleges that he was born on June 29, 1989, and issued a social security number and a birth certificate at that time.  Thus, he believes that certain unidentified property is held in trust for him by the United States Department of Treasury under the guardianship of the Social Security Administration.  Plaintiff claims that his social security number operates as a "warehouse receipt [number]" for the identification of this property, and his birth certificate operates as "a bond." Resp. [12] at 2.

Yet Plaintiff claims that he died on February 24, 2024.  Plaintiff asserts that he was then resurrected as "a corporation created for the sole purpose of operating in commerce (fiction) on behalf of . . . Jesse Ray McCuin© a living made of flesh and blood real human being."  *Id.* at 1-2.  Upon his death, Plaintiff believes that his social security number was replaced by an estate identification number, which is also linked to the aforementioned property.  He demands "an accounting of everything ever acquired" and "held in trust" by the Department of Treasury on his behalf, *id.* at 2, along with the "[r]eturn of all property" that belonged to him before his death, Compl. [1] at 4.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding in forma pauperis.  Because Plaintiff is proceeding accordingly, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(B).

This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).  In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th

2

Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  So long as the plaintiff "has already pleaded his best case," and his insufficient factual allegations cannot be remedied by more specific pleading, the court may dismiss the case sua sponte.  *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted)

### III. <u>DISCUSSION</u>

"A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020).  "A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly incredible.'" *Perry v. Tex. Dep't of Crim. Justice*, 275 F. App'x 277, 278 (5th Cir. 2008) (quoting *Denton*, 504 U.S. at 33); *see also Atakapa Indian de Creole Nation v. La.*, 943 F.3d 1004, 1006 (5th Cir. 2019) ("Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy." (quotation and ellipsis omitted)).  The Court is "vested with especially broad discretion in making the determination of whether an [in forma pauperis] proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff asks the Court to accept as true two factual premises that fall comfortably beneath the umbrella of delusion.  First, he asserts that the federal government maintains a stash of property belonging to each person with a social security number and that such inventory could easily be catalogued.  Second, he

asserts that he died and was resurrected as a corporate entity to represent his former self in financial and business transactions. These allegations have no foundation in reality and must be dismissed as frivolous. *See, e.g., Starrett v. United States Dep't of Defense*, 763 F. App'x 383, 384 (5th Cir. 2019) (affirming dismissal of allegations that the plaintiff was harassed and tortured by "a wide variety of government agencies and private companies"); *Simmons v. Payne*, 170 F. App'x 906, 907 (5th Cir. 2006) (affirming dismissal of allegations about "a vast conspiracy by all levels of the state government and federal government"); *Morningstar v. St. Dominic-Jackson Mem'l Hosp.*, No. 3:22-cv-00410-HTW-MTP, 2023 WL 4402428, at *4 (S.D. Miss. July 5, 2023) (dismissing the plaintiff's "contention that he is 'half human and half angel'").

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Attia v. Hard Rock Casino*, No. 1:20-cv-00332-RPM, 2021 WL 2228062, at *3 (June 2, 2021) (quotation omitted). But "the Court need not allow a plaintiff an opportunity to amend if he has alleged his best case." *Id.* (quotation omitted). Accordingly, while screening this case under § 1915, the Court ordered Plaintiff to file a written response, "to provide more factual detail about the events described in his Complaint," including "how he believes his constitutional rights were violated by these events and whether any other state and/or federal laws were violated as a result of these events." Order [11] at 1. In response, Plaintiff provided the fanciful narrative recounted above. Thus, the Court finds that Plaintiff has already pleaded his "best case," "that [his] case is frivolous,"

4

and that "it is not necessary for the Court to offer [him] an[other] opportunity to amend his Complaint before dismissal with prejudice." *See Attia*, 2021 WL 2228062, at *4.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Jesse R. McCuin's claims are **DISMISSED WITH PREJUDICE** as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff is advised that, if he receives three strikes, "he may not proceed [in forma pauperis] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *See Adongo v. Texas*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)).  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 15th day of April, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE